B 240-miwb
Reaffirmation Agreement (05/06)

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

| In re:<br>SCOTT JAY GOCHIS<br><br>Debtor | Bankruptcy Case No. 09-00305<br>Chapter 7 |
|---|---|

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

X Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1-5)

X Part B: Reaffirmation Agreement

X Part C: Certification by Debtor's Attorney

X Part D: Debtor's Statement in Support of Reaffirmation Agreement

☐ Part E: Motion for Court Approval

☐ Proposed Order Approving Reaffirmation Agreement

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. DISCLOSURE STATEMENT

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

### SUMMARY OF REAFFIRMATION AGREEMENT
This Summary is made pursuant to the requirements of the Bankruptcy Code.

### AMOUNT REAFFIRMED

a. The amount of debt you have agreed to reaffirm: $6,721.00

b. All fees and costs accrued as of the date of this disclosure statement, related to the amount of debt shown in a., above: $0.00

c. The total amount you have agreed to reaffirm (Debt and fees and costs) (Add lines a. and b.): $6,721.00

05/01/09 04:03PM MAY. 4. 2009 2:09PM FAX '7343748813' 9529156550 NO. 0978 P. 2
Case:09-00305-jh Doc #:47 Filed: 05/04/09 Page 2 of 12 Pg 4/12

P. 2

"***Certain provisions of this Agreement have been stricken by the creditor because they are not applicable to the transaction contemplated under the Agreement.

*Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PRECENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a. ~~If the debt is an extension of "credit" under an "open end credit plan," as these terms are defined in § 103 of the Truth and Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

(i) ~~The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part D below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: ___%.~~

—*And/Or*—

(ii) ~~The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ___%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~



~~$___ @ ___%;~~
~~$___ @ ___%;~~
~~$___ @ ___%.~~

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under § 128(a) (4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the affirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: <u>7.70%</u>.

—*And/Or* —

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor <u>7.70%</u>. ~~If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~

05/MAY. 4. 2009 2:09PM '73427748813' -> 9529156550 NO.0978 P. 3
Case:09-00305-jrh Doc #:17 Filed: 05/04/09 Page 3 of 12 Pg 5/12

P. 3



c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>         <u>Original Purchase Price or Original Amount of Loan</u>
03 SATURN VUE                    $13,995.00
VIN: 5GZCZ63B938861266

Present Market Value of Collateral $7,075.00
*Optional—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

<u>Repayment Schedule:</u>

~~Your first payment in the amount of $_____ is due on _____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.~~

—Or—

~~Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ (week, month, etc.), unless altered later by mutual agreement in writing.~~

—Or—

Your payment schedule will be: 36 payments in monthly installments of $210.00 commencing on 03/18/2009 and continuing on the same day of each succeeding month.

2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

05/04 MAY. 4. 2009 2:09PM '7342748813' → 9529156550 NO. 0978 P. 4
Case:09-00305-jrh Doc#:17 Filed: 05/04/09 Page 4 of 12 Pg 6/12

P. 4

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement; your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. Your must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

05/04/09 MAY. 4. 2009 2:10PM  FAX 7342748813  9529156550  NO. 0978  P. 6
Case:09-00305-jrh  Doc #:17  Filed: 05/04/09  Page 6 of 12  Pg 8/12

P. 6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of the original credit agreement:

Contract Type: Installment Contract; Contract Date: 02/18/2006; Account No.: ▓▓▓▓▓▓

Original Credit Term: 72
Original APR: 7.70%
Original Monthly Payment: $281.18
Original Amount Financed: $16,172.20

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

**This reaffirmation reduces: the balance from $9,520.00 to $6,721.00, the interest rate from 7.70% to 7.70%, and the monthly payment from $281.18 to $210.00 effective 01/14/2009.**

SIGNATURE(S):

Borrower:

Scott J. Gochis
(Print Name)

_Scott J. Gochis_
(Signature)

Date: 4/29/09

Co-borrower, if also reaffirming these debts:

Jeanne Marie Gochis
(Print Name)

_Jeanne M. Gochis_
(Signature)

Date: 4-29-09

Accepted by creditor:

_[signature]_
BRIAN STUDER
Collections Specialist
Wells Fargo Bank, N.A.
Wells Fargo Auto Finance

Date of creditor acceptance: 5-4-09

Creditor Name: Wells Fargo Bank, N.A., Wells Fargo Auto Finance

Address: 13675 Technology Drive, Bldg. C, 2nd Floor Eden Prairie, MN 55344-2252

Telephone No: 952-356-0338

05/0 MAY. 4. 2009 2:10PM 17342748813 -> 9529156550 NO.0978 P. 7
Case:09-00305-jrh Doc #:17 Filed: 05/04/09 Page 7 of 12 Pg 9/12

P. 7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[Check each applicable box.]*

☒ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☒ *[If applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment. Debtor must keep car in order to commute to work.

Printed Name of Debtor's Attorney: Guy T. Conti

Signature of Debtor's Attorney: Guy T Ct

Date: 5/1/09

05/04/2009 01:03PM MAY. 4. 2009 2:10PM 17342748813 → 9529156550 NO. 0978 P. 8
Case:09-00305-jth Doc #:17 Filed: 05/04/09 Page 8 of 12 Pg10/12

P. 8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered paragraphs 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read the unnumbered paragraph below. Sign the appropriate signature line(s) and date your signature.]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3460.64 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 3350.00 , leaving $ (110.64) to make the required payments on this affirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____
_____
_____
_____
_____

2. *Either:* I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

---Or---

*[If the creditor is a Credit Union and the debtor is represented by an attorney] I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.*

Signed: *Scott J. Hechin*
(Debtor)

*[signature]*
(Joint Debtor, if any)

Date: 4-27-09

05/0 MAY. 4. 2009 2:10PM  '7342748813'  -> 9529158550   NO. 0978   P. 9
Case:09-00305-jrh   Doc #:17   Filed: 05/04/09   Page 9 of 12   Pg11/12

P. 9

## PART E: MOTION FOR COURT APPROVAL
*(To be completed only if the debtor is not represented by an attorney.)*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement.

Signed: _____
         (Debtor)

_____
(Joint Debtor, if any)

Date: _____

United States Bankruptcy Court
District of MICHIGAN GRAND RAPIDS

In re  SCOTT JAY GOCHIS                       Case No. 09-00305
       Debtor                                 Chapter 7

### ORDER APPROVING REAFFIRMATION AGREEMENT

The debtor(s) _____ have filed a motion for approval of the
              (Names(s) of debtor(s))

reaffirmation agreement dated _____ made between the debtor(s) and
                              (Date of agreement)
_____. The court held the hearing required by 11 U.S.C. §524(d)
   (Name of creditor)
on notice to the debtor(s) and the creditor on _____.
                                                   (Date)

COURT ORDER:    The court grants the debtor's motion and approves the reaffirmation
                agreement described above.

                                                BY THE COURT

Date:_____                          _____
                                                *United States Bankruptcy Judge*

**RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT**

No. ____
Date 2/18/2006

Seller: SATURN OF OKEMOS
1728 W GRAND RIVER
OKEMOS, MI 48864
"We," "us," and "our" mean the Seller above, its successors and assigns.

Buyer: SCOTT J GOCHIS
3152 PARMAN ROAD
STOCKBRIDGE, MI 49285
"You" and "your" mean each Buyer above, and guarantor, jointly and individually.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2003 Make SATURN Model VUE AWD | VIN 5GZCZ63B93S861266 Lic. No./Year ☐ New ☒ Used | Other: |

Description of Trade-In: ____

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. Our interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle. You also assign to us and give us a security interest in the following collateral security: proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 16,172.20, plus finance charges accruing on the unpaid balance at the rate of 7.70 % per year from today's date until paid in full. Finance charges accrue on a ____ day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ ____ if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 1,000.00 |
|---|---|---|---|---|
| 7.70 % | $ 4,072.76 | $ 16,172.20 | $ 20,244.96 | $ 21,244.96 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 291.18 | MONTHLY, BEGINNING MARCH 18th, 2006 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☒ **Late Charge:** If a payment is more than 10 days late, you will be charged THE GREATER OF 5% OF THE PAYMENT OR $15.00.
**Prepayment:** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured ____
☐ Single ☐ Joint Prem. $ ____ N/A Term ____ N/A

**Credit Disability:** Insured ____
☐ Single ☐ Joint Prem. $ ____ N/A Term ____ N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer ____ d/o/b Buyer ____ d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ ____. If you get insurance from or through us you will pay $ ____ for ____ of coverage.

This premium is calculated as follows:
☐ $ ____ Deductible, Collision Coverage $ ____
☐ $ ____ Deductible, Comprehensive Cov. $ ____
☐ Fire-Theft and Combined Additional Coverage $ ____
☐ ____ $ ____

XX☐ **SERVICE CONTRACT:** You agree to purchase an optional Service Contract to cover ____
2003 SATURN VUE AWD ____. This Service Contract will be in effect for 36/24/100.

**ITEMIZATION OF AMOUNT FINANCED**

| | | |
|---|---|---|
| Vehicle Price (incl. sales tax of $ 844.20) | $ | 14,839.20 |
| Service Contract, Paid to: MBP | $ | 1,699.00 |
| Amount to Finance line e. (if e. is negative) | $ | N/A |
| Cash Price | $ | 16,538.20 |
| Manufacturer's Rebate | $ | N/A |
| Cash Down Payment | $ | 1,000.00 |
| Deferred Down Payment | $ | N/A |
| a. Total Cash/Rebate Down | $ | 1,000.00 |
| b. Trade-In Allowance | $ | N/A |
| c. Less: Amount owing | $ | N/A |
| Paid to: ____ | | |
| d. Net Trade-In (b. minus c.) | $ | N/A |
| e. Net Cash/Trade-In (a. plus d.) | $ | 1,000.00 |
| Down Payment (e.; disclose as $0 if negative) | $ | 1,000.00 |
| Unpaid Balance of Cash Price | $ | 15,538.20 |
| Paid to Public Officials - Filing Fees | $ | N/A |
| Insurance Premiums | $ | N/A |
| To: DOC FEES | $ | 75.00 |
| To: L.T.R.I. FEES | $ | 64.00 |
| To: GAP COV | $ | 495.00 |
| To: ____ | $ | N/A |
| Total Other Charges/Amounts Pd. to Others | $ | 634.00 |
| Less: Prepaid Finance Charges | $ | |
| Amount Financed | $ | 16,172.20 |

*We may retain or receive a portion of this amount.

**Warning: The insurance afforded hereunder does not cover liability for injury to persons or damage to property of others unless so indicated hereon.**

**Notice to buyer.** Do not sign this contract in blank. You are entitled to 1 true copy of the contract you sign without charge. Keep it to protect your legal rights.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT.**

Buyer: X _Scott Gochis_ 2/18/2006
Signature                        Date

Signature ____ Date

**ASSIGNMENT:** This Contract and Security Agreement is assigned to WELLS FARGO FINANCIAL ACCEPTANCE, the assignee, phone ____. This assignment is made ☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.

Seller: By _[signature]_ Date 2/18/2006

**BUYER ACKNOWLEDGES DELIVERY OF A COPY OF THIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.**
X _Scott Gochis_ X ____
Seller: By _[signature]_

MICHIGAN RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
Exper☒ © 1995, 1996 Bankers Systems, Inc., St. Cloud, MN Form RS-SI-MV-MI 1/20/2003

(page 1 of 2)
MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

# Receipt for RD-108 Dealer Transaction

APPLICATION FOR MICHIGAN
TITLE AND REGISTRATION

Dealer: SATURN OF OKEMOS
Address: 1728 GRAND RIVER AVENUE
City: OKEMOS   MI  48864
Dealer License No.: A2764

Odometer: 065058 A
A = Actual mileage
B = Not actual mileage
C = Exceeds mechanical limits of odometer

Transaction Type: TRANS TITLE/ORIG PLATE

Validation:
02222006 QM T053 228 0023    908.20
228T0530023    065058 A
*S.I. RECORDED*

| Plate No. AEV1406 | Expires on 07/22/2006 | Months 06 | | |
|---|---|---|---|---|
| Year 2003 | Make SATURN | Body Style STA WGN | Code 01 | County 33 |
| Vehicle No. 5GZCZ63B93S861266 | | Fee Cat. or Wt. 000022 | License Fee 49.00 | |

Driver License No./PIDs of All Owners/Lessees: G 220 760 379 577

Complete Name(s) and Address(es) of All Owners or Lessors:
SCOTT JAY GOCHIS
3452 PARMAN RD
STOCKBRIDGE    MI 49285

Title: 15.00
Title Late Fee: 0.00
Tax: 844.20
Transfer Fee: 0.00
Total: 908.20

Full Rights to Survivor: N



First Secured Interest:
WELLS FARGO FINANCIAL ACCEPTANCE
PO BOX 250
ESSINGTON    PA 19029
Filing Date: 02/22/2006

Second Secured Interest: NONE
Filing Date:

Purchase Price of Vehicle: 14070.00

Authority Granted by Act 300 of 1949, as amended.
RD-108I (10-2000)

RECEIVED 2009/05/04 14:15:58